UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUHUA LI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PAMELA BONDI, et al.,<br><br>　　　　　Defendants. | Civil Action<br>No. 25-15764 (CPO)<br><br><br>**ORDER** |

**O'HEARN, District Judge.**

　　**THIS MATTER** comes before the Court by way of Petitioner Juhua Li's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1), and "Motion for a Temporary Restraining Order Expedited Consideration Requested," ("Motion", ECF No. 4) seeking a restraining order pursuant to Fed. R. Civ. P. 65(b) enjoining Respondents from removing the Petitioner from the United States; and

　　**WHEREAS**, Petitioner initially filed her Petition on September 18, 2025, (ECF No. 1), along with a request for "immediate" relief which the Court denied without prejudice for various procedural and substantive deficiencies including failing to file an appropriate notice of motion, failing to file an affidavit of service and/or specify if the relief was being sought ex parte and/or on notice to respondents and, if ex parte, failure to comply with Fed. R. Civ. P. 65(b)(1) (A) and/or (B), and the failure to file a brief as required by Local Civ. Rule 7.1(b), (ECF No. 2); and

　　**WHEREAS**, Plaintiff has now, for the second time, sought the same relief by way of filing a Motion for an ex parte temporary restraining order (ECF No. 4, Proposed Order); but

　　**WHEREAS**, Federal Rule of Civil Procedure 65(b)(1) provides that the Court may issue a temporary restraining order without notice to the adverse party *only* if: "(A) specific facts in an

affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; **and** (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required" (emphasis added); and

WHEREAS, "[t]he notice requirement is more than a mere procedural formality [and] Rule 65(b)'s stringent restrictions on the availability of ex parte restraining orders reflect the fact that our entire jurisprudence runs counter to the motion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute," *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974); and

WHEREAS, Petitioner submitted an "Attorney Statement in Support" (ECF No. 4, at 5), which fails to set forth specific facts clearly showing that immediate and irreparable injury will occur before Respondents can be heard in opposition under Rule 65(b)(1)(A); and instead, simply recites Petitioner's immigration status and repeats counsel's speculation that Petitioner may be removed *today*, the very same argument made in the Petition and initial application for relief filed six days earlier, (ECF No. 1, at 3), yet counsel does not appear to have served or otherwise notified Respondents during that intervening time, and indeed only attempted service by next-day mail on September 24, 2025, the day when he filed the instant Motion[1]; and

WHEREAS, Petitioner submitted a "Certificate of Service," (ECF No. 4, at 13), but has failed to provide the certification required by Rule 65(b)(1)(B) detailing his efforts to give notice to Respondents over the past six days, explaining why notice could not be given or should not be required, or why he has not attempted to serve Respondents any earlier (the filing reflects only that

---

[1] Petitioner did apparently serve the Acting United States Attorney's Office by hand delivery.

copies of the Motion were mailed and it is unclear whether the Petition was served); thus, like Petitioner's initial application, it does not meet the requirements of Rule 65(b)(1)(B); and

**WHEREAS**, Petitioner has filed what is denoted a "Brief" in support of the Petition (see ECF No. 4 at Page 6), but that "Brief" is a mere three pages and does contain a single case citation or meaningful legal analysis; and

**WHEREAS**, upon review of the Petition and Motion, the Court has substantial questions as to whether the Court has jurisdiction to hear Petitioner's claims or grant any of the relief requested because in general, the "REAL ID Act stripped district courts of jurisdiction over § 2241 petitions challenging removal orders," *see, e.g.*, *Revan v. Warden, Essex Cnty. Corr. Facility*, 822 F. App'x 156, 157 (3d Cir. 2020) (citing 8 U.S.C. § 1252(a)(5)); *E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*, 950 F.3d 177, 184 (3d Cir. 2020); the Third Circuit has "broadly defined this limitation, and it includes within its ambit procedural due process claims . . . which allege errors on which the validity of the final order are contingent," *Revan*, 822 F. App'x at 157 (cleaned up); *E.O.H.C.*, 950 F.3d at 184 (explaining that district courts lack jurisdiction "to review most claims that even relate to removal" and claims "aris[ing] from any action taken . . . to remove an alien" (cleaned up)); instead, aliens must bring such claims "in a petition for review filed with [the] appropriate court of appeals." *E.O.H.C.*, 950 F.3d at 184; *see also Revan*, 822 F. App'x at 157 ("[A] petition for review is the sole and exclusive means for judicial review of an order of removal" (cleaned up)); and

**WHEREAS**, Petitioner makes only conclusory assertions as to this Court's jurisdiction and has not cited to any case law in her brief or Petition, to show that this Court has jurisdiction to enjoin her removal, or stay her removal pending a decision on her motion to reopen before the Board of Immigration Appeals which is apparently pending; and

**WHEREAS**, because Petitioner has therefore not met her burden to demonstrate that this Court has jurisdiction to hear her claims or grant the relief requested, and because Petitioner fails to

meet the requirements of Rule 65(b)(1) for ex parte relief, the Court will again **DENY** without prejudice her Motion for a Temporary Restraining Order Ex Parte; and

**WHEREAS**, the Court therefore finds it appropriate to proceed only upon notice to Respondents, it will require proper notice and briefing and will thereafter hold an expedited hearing on the merits of Petitioner's claims; therefore,

**IT IS,** on this 24th day of September 2025,

**ORDERED** that Petitioner's Motion for a Temporary Restraining Order Ex Parte, (ECF No. 4), is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Petitioner shall immediately effect service of the Petition, (ECF No. 1), her Motion, and this Order upon all Respondents, by electronic mail and personal service, and shall file proof of service no later than **Thursday, September 25, 2025, at 5:00 p.m**.; and it is further

**ORDERED** that Petitioner shall file a proper legal brief addressing: (1) whether this Court has jurisdiction over **each** of Petitioner's specific claims and requests for relief, and (2) the merits of Petitioner's claims, **with citations to relevant case law**, no later than **September 26, 2025, at 12:00 p.m.**; Respondents shall file and serve an opposition no later than **September 30, 2025, at 12:00 p.m.**; and Petitioner shall file and serve a reply no later than **October 1, 2025, at 12:00 p.m.**; and it is further

**ORDERED** that the hearing will take place **October 2, 2025, at 9:00 a.m.** before the undersigned in Courtroom 5A, United States Courthouse, 4th and Cooper Streets, Camden, New Jersey.

Christine P. O'Hearn
**United States District Judge**